IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

James Brookshire #187530 )
Full name and prison number of )
plaintiff(s) )
)
v. )   CIVIL ACTION NO. 2:05cv721-T
)   (To be supplied by the Clerk of the
Commissioner Donal Campbell )      U.S. District Court)
)
Warden Billy Mitchem )
)
Jim Hayes, Classification )
)
)
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the persons) )

I. PREVIOUS LAWSUITS

   A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No (X)

   B. Have you begun other lawsuits in state or federal court relating to your imprisonment?   Yes ( )   No (X)

   C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

      1. Parties to this previous lawsuit:
         Plaintiff(s) _____
                         N/A
         Defendant(s) _____

      2. Court (if federal court, name the district; if state court, name the county)
         _____
                  N/A

      3. Docket No. _____ N/A _____

      4. Name of Judge to whom case was assigned _____ N/A _____

      5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?   N/A

      6. Approximate date of filing lawsuit   N/A

      7. Approximate date of disposition   N/A

II. PLACE OF PRESENT CONFINEMENT  Limestone Correctional Facility
Dorm 9-B-57, 28779 Nick Davis Road, Harvest, Alabama 35749

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED
Limestone Correctional Facility

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | Commissioner Donal Campbell<br>Alabama Department of Corrections | P. O. Box 301501<br>Montgomery, Alabama 36130 |
| 2. | Warden Billy Mitchem<br>Limestone Correctional Facility | 28779 Nick Davis Road<br>Harvest, Alabama 35749 |
| 3. | Jim Hayes, Classification<br>Limestone Correctional Facility | 28779 Nick Davis Road<br>Harvest, Alabama 35749 |
| 4. | | |
| 5. | | |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED
April 26, 2005 and continuing

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:   See Attached Pages

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place, manner, and person involved).

See Attached Pages

GROUND TWO: _____See Attached Pages_____

SUPPORTING FACTS: _____
_____See Attached Pages_____

GROUND THREE: _____See Attached Pages_____

SUPPORTING FACTS: _____
_____See Attached Pages_____

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

_____See Attached Pages_____

*[signature]*
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on __July 31, 2005__
(date)

*[signature]*
Signature of plaintiff(s)

## STATEMENT OF FACTS

Plaintiff, James Brookshire #187530, is an Alabama inmate stationed at the Limestone Correctional Facility. He resides within the Protective Custody Unit, a population and open style dormitory, that has been at the Limestone Correctional Facility since 1985. Plaintiff, and the other inmates who reside within this unit, basically receive the same privileges, programs, and treatment as do inmates in the general population pursuant to Administrative Regulation Number 435 which governs protective custody. Plaintiff, and the other inmates who reside within this unit, also face the same disciplinary procedures for rule violations as inmates in the general population with such sanctions as loss of store, loss of visitation, loss of telephone, and disciplinary segregation. When a protective custody inmate receives disciplinary segregation, he has always returned to the protective custody unit after he has served his segregation time…just as general population inmates return to the general population after they have served their segregation time.

On April 6, 2005, Plaintiff pled guilty at a disciplinary hearing for Rule Violation Number 62: Intentionally Creating a Security, Safety, or Health Hazard. The disciplinary hearing officer sentenced Plaintiff to 30 days disciplinary segregation, 30 days extra duty, and 30 days loss of store, visitation, and telephone ( See Plaintiff's Exhibit "A" ).

While in disciplinary segregation serving his 30 days, Plaintiff was served a "Notice of Reclassification" on April 26, 2005, advising him that Defendant Warden Mitchem had a "policy" to place protective custody inmates, who receive a major disciplinary, into Administrative Segregation, which is segregation in a cell ( See Plaintiff's Exhibit "B" ). This reclassification hearing was held on April 28, 2005, and Plaintiff was placed in Administrative Segregation pursuant to Administrative Regulation Number 433, which governs Administrative Segregation ( See Plaintiff's Exhibit "C" ).

According to Defendant Jim Hayes and Defendant Warden Mitchem, Plaintiff will be in Administrative Segregation for a minimum of six (6) months.

Plaintiff is not the only protective custody inmate who was placed in Administrative Segregation due to receiving a disciplinary since the early part of 2005. Inmates David Coyle #161858, Thomas Gardner #175149, Mark Thomas #219141, and Jerry Jones #147727, were placed in Administrative Segregation for receiving a disciplinary. The Defendants also placed two protective custody inmates, Daniel Miner #178156 and James Davis #233712 in Administrative Segregation for merely receiving a minor behavioral citation.

There have been six (6) wardens at the Limestone Correctional Facility since 1985 and before Defendant Warden Mitchem becoming warden in mid-2001; and none of them had a policy to place protective custody in Administrative Segregation if they received a disciplinary or citation. If this was an approved and legitimate policy under Alabama Department of Corrections Administrative Regulations, why did Defendant Warden Mitchem wait 3 ½ years into his term as warden at the Limestone Correctional Facility before he instituted the policy?

The "policy" or "rule of thumb" at the Limestone Correctional Facility for general population inmates and protective custody inmates has always been to review an inmate for placement in Administrative Segregation if he has received three (3) major disciplinaries in one year. This also is the "policy" or "rule of thumb" across the prison system.

Administrative Regulation Number 403 covers disciplinary procedures for the prison system, and there is no provision authorizing protective custody inmates to be placed in Administrative Segregation for receiving a single disciplinary or citation.

Administrative Regulation Number 435 covers the protective custody status for the prison system, and there is no provision authorizing protective custody inmates to be placed in Administrative Segregation for receiving a single disciplinary or citation.

Administrative Regulation Number 433 covers Administrative Segregation status for the prison system, and there is no provision authorizing protective custody inmates to be placed in Administrative Segregation for receiving a single disciplinary or citation.

Administrative Regulation Number 436 covers segregation review for the prison system, and there is no provision authorizing protective custody inmates to be placed in Administrative Segregation for receiving a single disciplinary or citation.

There is no written policy, regulation, memo, or procedure, that authorizes Administrative Segregation placement for protective custody inmates who receive a single disciplinary or citation; and Plaintiff **was given no advance notice by the Defendants that there was such a policy**. Furthermore, **there is still no posted notice that such a policy exists.**

Defendant Commissioner Donal Campbell has the responsibility to **write** and insure that each Administrative Regulation of the Alabama Department of Corrections does not violate the Constitution of the United States; but he has failed to meet this responsibility. Administrative Regulation Number 433, which governs Administrative Segregation status, and is the regulation used by Defendant Warden Billy Mitchem and Defendant Jim Hayes to place Plaintiff in Administrative Segregation, is vague and unconstitutional on its face, which has led to its arbitrary and capricious application by the Defendants. This regulation, Administrative Regulation Number 433, has no criteria or guidelines that spell out what behavior would cause an inmate to be placed in Administrative Segregation. It does not list the number of disciplinaries or citations required for Administrative Segregation placement nor does it detail how long the inmate

can be kept in Administrative Segregation.

Plaintiff is locked in his cell 23 hours and 15 minutes each day and has the option to exercise outside the cell each day for 45 minutes while those in protective custody are out of their cells, like general population, for 17 to 20 hours each day with a two (2) hour outdoor exercise period and the ability to sit or stand outdoors all day in a smoking cage. Protective custody inmates can play games, do hobby craft, use the telephone an unlimited number of times daily, go to the gym and law library 3 nights each week, watch television, attend church and bible studies, attend mental health work shops, visit four (4) times each month, shower daily, and go to the snack bar six (6) days each week. **While Plaintiff Can Do None Of These Activities Because He Is Now In Administrative Segregation.**

## GROUNDS

### ONE

Plaintiff's Due Process rights under the Fourteenth Amendment were violated by the Defendants for failing to give him prior notice that there is a policy to place a protective custody inmate in Administrative Segregation if he receives one (1) single disciplinary or citation.

### TWO

Plaintiff's Due Process rights under the Fourteenth Amendment were violated by

-7-

the Defendants when they claimed there was a "policy" to place a protective custody inmate in Administrative Segregation if he receives one (1) single disciplinary or citation when no such legitimate policy, procedure, or administrative regulation exists; and then, placed him in Administrative Segregation.

## THREE

Plaintiff's Equal Protection guarantees under the Fourteenth Amendment were violated by the Defendants when they placed him in Administrative Segregation by a "policy" that a protective custody inmate will be placed in Administrative Segregation if he receives one (1) single disciplinary or citation when no other inmates at the Limestone Correctional Facility or the rest of the Alabama prison system have this so-called policy applied to them.

## FOUR

Administrative Regulation Number 433, which governs Administrative Segregation status, is vague, which has led to its arbitrary and capricious application against Plaintiff, and unconstitutional.

## RELIEF

Plaintiff prays that this Honorable Court:

1. Order his release from Administrative Segregation and return to the Protective Custody Unit.

2. Order the Defendants to pay to Plaintiff the sum of two hundred dollars, $200.00, for each day he has been confined in Administrative Segregation.

3. Order and declare that Administrative Regulation Number 433, which governs Administrative Segregation status, is vague and unconstitutional.

4. Order and declare that the Defendants' actions in placing Plaintiff in Administrative Segregation violate the Due Process clause and Equal Protection guarantees of the Fourteenth Amendment.